PER CURIAM:

The sole issue in a trial to the Court below was the amount of damages, if any, due the appellees and cross appellants under 29 U.S.C. § 187(b) as the consequence of a secondary boycott [see our decision as to the boycott, International Association of Bridge, Structural and Ornamental Iron Workers of America, Local Union 408, AFL-CIO v. N.L.R.B., No. 29,944, September 1, 1970].

After hearing the evidence the District Court filed findings of fact and conclusions of law, fixing and awarding damages in some instances and denying recovery in others. The findings are supported by substantial evidence and are not clearly erroneous, Rule 52(a), Federal Rules of Civil Procedure.

The judgment will be affirmed on both direct and cross appeals.

Affirmed.

Warren Weir, Arthur Gochman, San Antonio, Tex., for plaintiff-appellant.

Theo. F. Weiss, Charles L. Smith, San Antonio, Tex., for defendants-appellees; Clemens, Knight, Weiss & Spencer, San Antonio, Tex., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

The district court did not err in granting summary judgment for defendant Texas Educational Foundation, Inc., in this diversity case. There was no genuine issue as to any material fact and it appeared as a matter of law that defendant Strickland was not within the scope of his employment at the time of the injury to Jesse Castro.

Affirmed.

Conception CASTRO, Plaintiff-Appellant,

v.

TEXAS EDUCATION FOUNDATION, INC., and R. H. Strickland, Defendants-Appellees.

No. 71-1625

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

The CARPENTERS DISTRICT COUNCIL OF NEW ORLEANS & VICINITY and Carpenters Local Union No. 1846, Respondents.

No. 30824

Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 1, 1971.

* Rule 18, 5th Cir.; Isbell Enterprises v. Citizens Cas. Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

** Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.